IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Citigroup Global Markets. Inc.,
f/k/a Salomon Smith Barney

                              Plaintiff,

    v.                                          1:06-cv-1075-WSD

Tom Berggren, Bruce Borghardt,
Michael C. Cipicchio, Janice L. Cunha,
Rosanne L. Dickerson, Linda Susan
DiEdwardo, Sandra Marie Doris-Kelly,
David W. Duane, George Hampton,
Deborah Jean Jorgenson, James A.
Kaiser, Hugh Lann Kelly, Brent
Merritt Lacho, Betty Jean Logan,
Carolyn Marya Mahoney, Curt Carl
Melin, Phyllis G. Messina, Patsy L.
Millis, Gerald Morrow, Jennifer L.
Myrick, Brian William Quinn, Gina M.
Rasure, Robert Joseph Scesa, Douglas
J. Shonka, Christy Ann Shows, Michael
P. Smith, Ben J. Urzendowski, Brent D.
Waldrup, and Zhenjia Zhu,

                              Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Citigroup Global Markets, Inc.'s

("Plaintiff") Motion for Preliminary Injunction and Stay of Arbitration [2],

Defendants' Motion to Dismiss [4],  Defendants' Opposition to Plaintiff's Motion

for a Preliminary Injunction and a Stay of Arbitration [6], Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Further Support of Plaintiff's Motion for a Preliminary Injunction and Stay of Arbitration [9], and Defendants' Reply Memorandum of Law in Support of Defendants' Motion to Dismiss and in Further Opposition to Plaintiffs' Motion for a Preliminary Injunction and a Stay of Arbitration. [10], and the Joint Stipulation of Facts [23]. Also before the Court is Defendants Motion For Leave to File Notice of Supplemental Authority [16], and Defendants Motion for Leave to File Supplemental Declaration and Memorandum of Law in Support [17].

Federal courts have limited jurisdiction, and a court must take care to ensure that it has jurisdiction for all cases that come before it.  Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000).  To that end, a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion.  Id.; Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about

jurisdiction arises.").  The Court has discovered several jurisdictional issues in this case which it must address *sua sponte*.[1]

This dispute concerns the arbitrability of a disagreement between Plaintiff and Defendants.  Defendants are former WorldCom employees who owned WorldCom stock options.  Plaintiff's predecessor-in-interest and Worldcom entered into a stock option agreement (the "Agreement") that made Plaintiff the first point of contact and exclusive facilitator of the exercise of Defendants' options.  The Agreement, which only Plaintiff's predecessor-in-interest and Worldcom signed, included an arbitration clause.  Defendants allege that Plaintiff defrauded them and breached the Agreement.  Defendants seek redress through arbitration proceedings pursuant to the Agreement.  The issue before this Court is whether Plaintiff can avoid continuing with the arbitration.

Plaintiff's Complaint requests an injunction and declaratory relief to avoid further participation in the already-initiated arbitration and to enjoin the commencement of any further arbitration proceedings.  Plaintiff asserts that this

---

[1]  As the parties are aware, the Court has stated that the posture of this case is uncharacteristic of the way in which disputes of this kind arise in federal court. Through the process of considering the issues before it, the Court identified the fundamental jurisdictional issue addressed in this order as the reason this case and its posture seemed unusual.

Court has diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff alleges that the amount in controversy exceeds $75,000 and that there is complete diversity between the parties.

While there appears to be complete diversity, the Complaint does not allege an amount in controversy other than an unsupported claim that the amount in dispute exceeds $75,000.  The Complaint does not seek damages; it demands injunctive and declaratory relief enjoining Defendants from proceeding with the ongoing arbitration.  When, as here, a plaintiff in a diversity case seeks injunctive relief, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective."  Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000).

The "value" of an injunction for jurisdictional purposes is "the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." Id.  Where jurisdiction is based on a claim for indeterminate damages, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum."  Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).  The amount in controversy requirement

is not satisfied where the benefit from injunctive relief would be "too speculative and immeasurable." Ericsson GE Mobile Comms., Inc. v. Motorola Comms. & Electronics, Inc., 120 F.3d 216, 221-22 (11th Cir. 1997).

 The "object of the litigation" in the present case is injunctive and declaratory relief relieving Plaintiff from continuing with arbitration proceedings initiated by Defendants.  The underlying fraud and contract claims are not at issue. What is at issue is whether the Plaintiff can obtain this Court's sanction to cease arbitrating Defendants' claims.  The Complaint does not allege facts to show that this outcome is worth more than $75,000.

Plaintiff has not suggested any dollar amount for the value of avoiding arbitration, which is likely to be the difference in cost between arbitrating in Defendants' chosen forum and litigating or arbitrating in a different forum.[2]  The amount in controversy is thus indeterminate.  Cf. McKinnon Motors, 329 F.3d at 807. ("McKinnon did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim.  Therefore, the damages McKinnon

---

[2]  Plaintiff has asserted that if it is required to arbitrate, the arbitration should proceed under the National Association of Securities Dealers ("NASD") rules, not those of the American Arbitration Association ("AAA"). (Pl. Mem. of Law in Opp. to Def. Mot. to Dismiss and in Further Support of Pl. Mot. for a Preliminary Injunction and Stay of Arbitration at 18.)

prays for under the bad faith claim are indeterminate."). Plaintiff does not allege sufficient information for the Court to determine the monetary value of the relief it requests. Plaintiff has thus failed to meet its burden of proof regarding the amount in controversy requirement. The monetary value of Plaintiff avoiding arbitration is simply speculative and immeasurable.[3] Speculative "value" does not satisfy the amount in controversy requirement. Id; see also Ericsson, 120 F.3d at 221-22.

The Court also considers *sua sponte* whether it has federal question jurisdiction. One of Plaintiff's claims for relief refers to the Federal Arbitration Act, 9 U.S.C. §§ 1-16. ("Arbitration Act"). (Compl. ¶ 64.) Plaintiff does not allege federal question jurisdiction in the "Jurisdiction" portion of its Complaint. In determining whether subject-matter jurisdiction exists, the Court applies the "well-pleaded complaint rule," which requires a federal question to be found on the face of the Complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

The Arbitration Act "does not provide an independent basis for a federal court's subject-matter jurisdiction." Household Bank v. JFS Group, 320 F.3d 1249, 1253 (11th Cir. 2003). To seek relief under the Arbitration Act, a Complaint

---

[3] The Court cannot begin to assess the "monetary value" of the requested relief without first knowing Defendants' response (e.g., litigate, arbitrate in a different forum, seek settlement, or drop the case). About this the Court can only speculate.

must allege an independent basis for federal court jurisdiction.  Id.   Without an independent jurisdictional basis, Plaintiff's claim for a stay under 9 U.S.C. § 4 does not itself raise a federal question.  See id.

Even if the Arbitration Act were an independent grant of jurisdiction, Plaintiff does not fall within its scope.  Section 4, upon which Plaintiff bases its request for stay, permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition for arbitration in "any United States district court which, save for such [arbitration] agreement, would have jurisdiction under Title 28 . . ."  9 U.S.C. § 4.  Plaintiff is not aggrieved by Defendants' lack of participation in an arbitration process; to the contrary, Plaintiff seeks to avoid the arbitration initiated by Defendants.  Plaintiff claims no valid independent ground of jurisdiction, and, in any case, falls outside of the scope of the statute.  The Court thus does not have federal question jurisdiction to determine Plaintiff's claims for injunctive relief.

The Court also lacks subject-matter jurisdiction to determine Plaintiff's claims for declaratory relief.  This Court "has subject-matter jurisdiction over a declaratory judgment action if . . . plaintiff's well-pleaded complaint alleges facts demonstrating the defendant could file a coercive action arising under federal law."

JFS Group, 320 F.3d at 1259.  To make this determination, the Court must "look to the facts as they existed at the time the action was filed."  Id.

The present action was filed on May 4, 2006.  Defendants had filed their demand for arbitration before the AAA twenty days prior, on April 14, 2006.  The record does not show and Defendants do not suggest that Plaintiff had by statement, action, or inaction declined to participate in the arbitration, nor is there any evidence before the Court that the arbitration proceedings are not in progress.[4]

---

[4]   Section 4 only grants a remedy to "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate."  In other words, Defendants could not have brought an action to compel arbitration unless they were first aggrieved by Plaintiff's resistance to participating in the arbitration.  At the time of filing of the Complaint, the record does not show any evidence that Plaintiff had resisted participating in the arbitration.  Defendants therefore could not have filed a coercive action arising under federal law compelling Plaintiff to arbitrate before the AAA, and they have not done so to date.  In fact, the record shows that arbitration proceedings were ongoing at least as recently as August 8, 2006, when Defendants notified the Court of a change of parties in that proceeding.   On May 4, therefore, Defendants were not aggrieved within the meaning of § 4, and could not have filed an action in this Court to compel Plaintiff to arbitrate.  Because Defendants could not have filed a coercive action at the relevant time, this Court does not have subject-matter jurisdiction to entertain Plaintiff's request for declaratory relief.  See, e.g., Multi-Financial Securities Corp. v. King, 386 F.3d 1364, 1366 (11th Cir. 2004) (affirming jurisdiction over a declaratory judgment complaint seeking to avoid arbitration where defendant was able to and did file a motion to compel arbitration under 9 U.S.C. § 4).  See also Canup v. Chipman Union, Inc., 123 F.3d 1440, 1443 (11th Cir. 1997) ("The real value of the judicial pronouncement–what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion–is in the setting of some dispute *which affects the behavior of the defendant towards the Plaintiff*.") (emphasis in

### III.   <u>CONCLUSION</u>

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint [1] is

**DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 20th  day of November, 2006.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

original).