IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Citigroup Global Markets. Inc.,** f/k/a Salomon Smith Barney<br><br>　　　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**Tom Berggren, Bruce Borghardt, Michael C. Cipicchio, Janice L. Cunha, Rosanne L. Dickerson, Linda Susan DiEdwardo, Sandra Marie Doris-Kelly, David W. Duane, George Hampton, Deborah Jean Jorgenson, James A. Kaiser, Hugh Lann Kelly, Brent Merritt Lacho, Betty Jean Logan, Carolyn Marya Mahoney, Curt Carl Melin, Phyllis G. Messina, Patsy L. Millis, Gerald Morrow, Jennifer L. Myrick, Brian William Quinn, Gina M. Rasure, Robert Joseph Scesa, Douglas J. Shonka, Christy Ann Shows, Michael P. Smith, Ben J. Urzendowski, Brent D. Waldrup, and Zhenjia Zhu,**<br><br>　　　　　　　　　　**Defendants.** | 1:06-cv-1075-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Citigroup Global Markets, Inc.'s ("Plaintiff") Motion to Alter or Amend Judgment and For Leave to File an

Amended Complaint [27] and Defendants' Response to Plaintiff's Motion to Alter or Amend Judgment and For Leave to File an Amended Complaint [30].[1]

On November 20, 2006, the Court dismissed Plaintiff's Complaint without prejudice for lack of jurisdiction.  Plaintiff's Complaint was required to be dismissed because it claimed diversity jurisdiction, and sought only injunctive relief, but provided no basis for the Court to conclude that the amount-in-controversy requirement had been met.

Plaintiff's present Motion requests leave to file an amended Complaint that addresses the amount-in-controversy requirement.  The proposed Amended Complaint alleges that "the additional costs that will be incurred by plaintiff to defend the underlying claims . . . in the AAA arbitration will be at least $75,000 greater than the costs that likely would be required to adjudicate the same claims or court in any other forum." (Amended Compl. ¶ 5.)  This new allegation enables the Court to conclude that sufficient "monetary benefit . . . would flow to the plaintiff if the injunction were granted," Cohen v. Office Depot., Inc., 204 F.3d 1069, 1077

---

[1] Also before the Court is Plaintiff's Motion for Reconsideration and For a Stay of Arbitration [28] and Defendants' Response to Plaintiff's Motion for Reconsideration [29].  Because the Court is granting Plaintiff's Motion to Amend, it DENIES Plaintiff's Motion for Reconsideration [28] as MOOT.

(11th Cir. 2000), exceeds $75,000. Defendants have no objection to Plaintiff's Amended Complaint.

## III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment and For Leave to File an Amended Complaint [27] is **GRANTED**. The Clerk is directed to **FILE** Plaintiff's Amended Complaint, attached as Exhibit B to its Motion [27], as a separate docket entry as of the date of this Order. The Clerk is further directed to **REOPEN** this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration and For a Stay of Arbitration [28] is **DENIED** as moot.

**IT IS FURTHER ORDERED** Plaintiff Citigroup Global Markets, Inc.'s Motion for Preliminary Injunction and Stay of Arbitration [2], Defendants' Motion to Dismiss [4], Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction and a Stay of Arbitration [6], Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Further Support of Plaintiff's Motion for a Preliminary Injunction and Stay of Arbitration [9], and Defendants' Reply Memorandum of Law in Support of Defendants' Motion to Dismiss and in

Further Opposition to Plaintiffs' Motion for a Preliminary Injunction and a Stay of Arbitration [10] are to be docketed as **REFILED** as of the date of this Order.

**SO ORDERED**, this 21st day of December, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE